MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
VICTOR MENDEZ OLIVARES, *individually*
*and on behalf of others similarly situated,*

<div style="margin-left:3em">*Plaintiff,*</div>

<div style="margin-left:3em">-against-</div>

1761 FONDA MEXICO MAGICO LLC(d/b/a
MEXICO MAGICO) and PACO PAREDES

<div style="margin-left:3em">*Defendants.*</div>
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Victor Mendez Olivares  ("Plaintiff Mendez" or "Mr. Mendez"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against each of Defendants 1761 Fonda

Mexico Magico LLC (d/b/a Mexico Magico) ("Defendant Corporation"), and Paco Paredes

collectively, ("Defendants"), alleges as follows:

<div align="center">

**NATURE OF ACTION**
</div>

    1.    Plaintiff Mendez is a former employee of Defendants 1761 Fonda Mexico Magico

LLC (d/b/a Mexico Magico) and Paco Paredes.

    2.    Mexico Magico is a Mexican restaurant owned by Paco Paredes located at 1761

Crosby Avenue, Bronx, New York 10461.

3.      Upon information and belief, Defendant Paco Paredes serves or served as owner, manager, principal and/or agent of Defendant Corporation, and through this corporate entity operates the restaurant.

4.      Plaintiff Mendez is a former employee of Defendants.

5.      Plaintiff Mendez was employed as a food preparer, dishwasher and ostensibly as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cutting meat with a machine, cutting chicken with a knife, making fried ice cream, sweeping and mopping the kitchen and the entire restaurant, dishwashing, washing and cutting  vegetables, peeling shrimp, taking out the garbage, ripping apart boxes and stocking deliveries (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Mendez regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Mendez appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Mendez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Mendez as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

2

10.    At all times, regardless of duties, Defendants paid Plaintiff Mendez and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Mendez's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Mendez's actual duties in payroll records to avoid paying Plaintiff Mendez at the minimum wage rate, and to enable them to pay Plaintiff Mendez at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

13.    Defendants' conduct extended beyond Plaintiff Mendez to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.    Plaintiff Mendez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Mendez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Mendez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Mendez was employed by Defendants in this district.

## PARTIES

*Plaintiff Victor Mendez Olivares*

19.     Plaintiff Mendez is an adult individual residing in Bronx County, New York.

20.     Plaintiff Mendez was employed by Defendants from approximately 2009 until on or about February 18, 2013 and from approximately August 8, 2014 until on or about February 2015.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Mendez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

4

*Defendants*

22.     At all times relevant to this Complaint, Defendants own, operate, and/or control a Mexican restaurant located at 1761 Crosby Avenue, Bronx, New York 10461 under the name "Mexico Magico."

23.     Upon information and belief, 1761 Fonda Mexico Magico LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1761 Crosby Avenue, Bronx, New York 10461.

24.     Defendant Paco Paredes is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Paco Paredes is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

25.     Defendant Paco Paredes possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

26.     Defendant Paco Paredes determined the wages and compensation of the employees of Defendants, including Plaintiff Mendez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate a Mexican restaurant located at 1761 Crosby Avenue, Bronx, New York 10461.

28.     Individual Defendant Paco Paredes possesses operational control over defendant Corporation, possesses an ownership interest in defendant Corporation, and controls significant functions of defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Mendez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendez, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Mendez, and all similarly situated individuals, and are Plaintiff Mendez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Mendez and/or similarly situated individuals.

33.     Upon information and belief, individual defendant Paco Paredes operates defendant Corporation as either an alter ego of himself and/or fails to operate defendant Corporation as a legal entity separate and apart from himself by, among other things:

　　　　(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with defendant Corporation;

(g) diminishing and/or transferring assets of defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiff Mendez's employers within the meaning of the FLSA and NYLL.

35. Defendants had the power to hire and fire Plaintiff Mendez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Mendez's services.

36. In each year from 2011 to 2015, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the

7

Mexican restaurant on a daily basis, such as meat and lettuce, were produced outside of the State of New York.

*Individual Plaintiff*

38.    Plaintiff Mendez is a former employee of Defendants employed as a food preparer, dishwasher and ostensibly as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

39.    Plaintiff Mendez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Victor Mendez Olivares*

40.    Plaintiff Mendez was employed by Defendants from approximately 2009 until on or about February 18, 2013 and from approximately August 8, 2014 until on or about February 2015.

41.    At all relevant times, Plaintiff Mendez was ostensibly employed by Defendants as a delivery worker.

42.    However, Plaintiff Mendez spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

43.    Plaintiff Mendez regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

44.     Plaintiff Mendez's work duties required neither discretion nor independent judgment.

45.    Throughout his employment with Defendants, Plaintiff Mendez regularly worked in excess of 40 hours per week.

46.    From approximately February 2011 until on or about February 18, 2013, Plaintiff Mendez worked from approximately 11:00 a.m. until on or about 11:00 p.m. six days a week (typically 72 hours per week).

47.    From approximately August 8, 2014 until on or about February 28, 2015, Plaintiff Mendez worked from approximately 11:00 a.m. until on or about 9:00 p.m. five days a week and from approximately 11:00 a.m. until on or about 11:00 p.m. one day a week (typically 62 hours per week).

48.    Throughout his employment with Defendants, Plaintiff Mendez was paid his wages in cash.

49.    From approximately February 2011 until on or about February 2012, defendants paid Plaintiff Mendez a fixed salary of $300 per week.

50.    From approximately February 2012 until on or about February 2013, defendants paid Plaintiff Mendez a fixed salary of $400 per week.

51.    From approximately August 8, 2014 until on or about February 28, 2015, defendants paid Plaintiff Mendez a fixed salary of $450 per week.

52.    Although defendants allegedly granted Plaintiff Mendez a 30 minute meal break, he was unable to take the break on innumerable occasions, because defendants required him to work during the break.

53.    Plaintiff Mendez was never notified by Defendants that his tips would be included as an offset for wages.

54.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Mendez's wages.

55.     Defendants did not provide Plaintiff Mendez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

56.     Plaintiff Mendez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

57.     However, from approximately January 2015 until on or about February 28, 2015, defendants required Plaintiff Mendez to sign a notebook in order to get paid each week.

58.     Defendants never provided Plaintiff Mendez with a written notice, in English and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.     Defendants regularly required their employees, including Plaintiff Mendez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or spread of hours compensation.

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

61.     At no time did Defendants inform their employees, including Plaintiff Mendez, that they had reduced their hourly wages by a tip allowance.

62.     Defendants required all delivery workers, including Plaintiff Mendez, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

63.     Plaintiff Mendez, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

64.     Plaintiff Mendez and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip-credit because the delivery workers' and Plaintiff Mendez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

65.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee time if that time is devoted to a non-tipped occupation.

66.     The delivery workers', including Plaintiff Mendez's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

67.     In violation of federal and state law as codified above, Defendants classified Plaintiff Mendez and other delivery workers as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

11

68.    Plaintiff Mendez was paid his wages entirely in cash.

69.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

70.    Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Mendez, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

71.    Defendants failed to provide Plaintiff Mendez and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.    Defendants failed to provide Plaintiff Mendez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by

New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.    Plaintiff Mendez brings his FLSA minimum wage, overtime compensation and

liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §

216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or

any of them, on or after the date that is three years before the filing of the complaint in his case

(the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

74.    At all relevant times, Plaintiff Mendez, and other members of the FLSA Class

who are and/or have been similarly situated, had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage, overtime pay of one and one-half times his regular rates for work in excess of

forty (40) hours per workweek under the FLSA and willfully failing to keep records required by

the FLSA.

75.    The claims of Plaintiff Mendez stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

76.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set

forth herein.

13

77.    At all times relevant to this action, Defendants were Plaintiff Mendez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

78.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

80.    Defendants failed to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81.    Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

83.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

84.    At all times relevant to this action, Defendants were Plaintiff Mendez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendez

(and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

85.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

87.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

88.    Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

89.    Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

90.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

91.    At all times relevant to this action, Defendants were Plaintiff Mendez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

15

92.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mendez (and the FLSA Class members) less than the minimum wage.

93.    Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94.    Plaintiff Mendez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE
## NEW YORK STATE LABOR LAW

95.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

96.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mendez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

97.    Defendants' failure to pay Plaintiff Mendez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.    Plaintiff Mendez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

99.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

16

100.    Defendants failed to pay Plaintiff Mendez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mendez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

101.    Defendants' failure to pay Plaintiff Mendez an additional hour's pay for each day Plaintiff Mendez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

102.    Plaintiff Mendez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

103.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to provide Plaintiff Mendez with a written notice, in English and in Spanish (Plaintiff Mendez's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

105.    Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

106.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though set forth fully herein.

107.    Defendants did not provide Plaintiff Mendez with a statement of wages with each

payment of wages, as required by NYLL 195(3).

108.    Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

<div align="center">

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

</div>

109.    Plaintiff Mendez repeats and re-alleges all paragraphs above as though set forth fully herein.

110.    Defendants required Plaintiff Mendez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as a scooter and a helmet, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

111.    Plaintiff Mendez was damaged in an amount to be determined at trial.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, Plaintiff Mendez respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and

<div align="center">18</div>

associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mendez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Mendez and the FLSA class members;

(f)     Awarding Plaintiff Mendez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Mendez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiff Mendez and the members of the FLSA Class;

(k)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Mendez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Mendez and the FLSA Class members;

(m)    Awarding Plaintiff Mendez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff Mendez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Mendez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)    Awarding Plaintiff Mendez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Mendez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

20

(s)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Mendez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        February 13, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

21

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 13, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Victor Mendez-Olivares

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                *Victor Mendez . O*

Date / Fecha:                    13 de febrero de 2017