UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VICTOR MENDEZ OLIVARES, individually :
and on behalf of others similarly situated,

                Plaintiff,

                      :

        -against-

1761 FONDA MEXICO MAGICO LLC
(d/b/a MEXICO MAGICO) AND PACO
PAREDES,

               Defendants.
-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

17-CV-1082 (PGG) (KNF)

TO THE HONORABLE PAUL G. GARDEPHE, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Victor Mendez Olivares commenced this action against 1761 Fonda Mexico Magico LLC

and Paco Paredes for unpaid wages and overtime compensation under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, and New York Labor Law ("NYLL"), §§ 190-199-a. The

plaintiff alleges that the defendants failed to: (1) pay the minimum wage; (2) pay overtime

compensation; (3) pay the spread-of-hours wages under NYLL; (4) provide notice of his rate of

pay and other information as required by NYLL; (5) provide wage statements, as required by

NYLL; and (6) reimburse him for purchasing and maintaining the equipment required to perform

his job. On July 13, 2018, your Honor entered a default against the defendants and referred the

matter to the undersigned for an inquest on damages. On August 3, 2018, the Court directed the

plaintiff to file: (1) proposed findings of fact and conclusions of law; and (2) an inquest

memorandum, accompanied by "supporting affidavits and exhibits, setting forth proof of his

damages."

1

## PLAINTIFF'S INQUEST SUBMISSIONS

The plaintiff submitted the following documents in support of his request for damages: (1) Plaintiff's Proposed Findings of Fact and Conclusions of Law, Docket Entry No. 47; and (2) Plaintiff's Inquest Memorandum of Law Concerning Damages Calculation, with Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, and N, Docket Entry No. 48.

The plaintiff states in his declaration, Docket Entry Nos. 47-1 and 48-11, that the defendants employed him in their restaurant as a food preparer, dishwasher and a delivery worker, from approximately 2009, until February 18, 2013, and from August 8, 2014, until February 2015. The plaintiff worked regularly in excess of 40 hours per week. From February 2011 to February 18, 2013, the plaintiff worked 62 hours per week, from approximately 11:00 a.m. to 9:00 p.m. five days per week and from 11:00 a.m. to 11:00 p.m. one day per week. The plaintiff was paid as follows: (i) $300 per week, from approximately February 2011, to approximately February 2012; (ii) $400 per week, from approximately February 2012, to approximately February 2013; and (iii) $450 per week, from August 8, 2014, to February 28, 2015. The plaintiff was never notified by the defendants that his tips were included as an offset of his wages and he was never provided with any written notices regarding minimum wage and overtime requirements or the hours he worked, his rate of pay or any deductions or credits. The plaintiff states that he did not receive compensation for hours worked in excess of 40 per week.

In the conclusion section of his memorandum of law, the plaintiff seeks: (1) "the total amount of $163,902.16 for unpaid overtime wages damages, spread of hours damages, liquidated damages, prejudgment interest and other claims"; and (2) "$8,664.41 in attorneys' fees and costs." More specifically, in what appears to be a proposed judgment filed as Exhibit N to the plaintiff's memorandum of law, the plaintiff seeks: (a) "compensatory damages for unpaid

2

minimum wages and overtime compensation in the amount of $54,806.25"; (b) "liquidated damages for unpaid minimum wages and overtime compensation under FLSA/NYLL in the amount of $54,806.25"; (c) "unpaid spread of hours pay in the amount of $5,952.00"; (d) "liquidated damages for unpaid spread of hours pay in the amount of $5,952.00"; (e) "statutory damages for violation of New York Labor Law §195 in the amount of $10,000"; (f) "pre-judgment interest on unpaid minimum wages and overtime calculated at the rate of 9% per annum until to [sic] the date of judgment, and totaling $29,243.06 as of August 23, 2018"; (g) "pre-judgment interest on spread of hours damages to be calculated at the rate of 9% per annum to the date of judgment and totaling $3,142.60 as of August 23, 2018"; and (h) "attorney's fees in the amount of $7,538.75, and costs in the amount of $1,080.66." In the plaintiff's proposed conclusions of law, signed by the plaintiff's attorney, Colin Mulholland ("Mulholland") on August 24, 2018, the plaintiff argues, in paragraph Nos. 61-70, spanning over five pages, that the plaintiff "may recover both" liquidated damages under FLSA and NYLL, and notes that, although "the Second Circuit issued a summary order in the matter of Chowdhury v. Hamza Express Food Corp. et al., No. 15-3142 (2d Cir. Dec. 7, 2016), which declined to award plaintiffs liquidated damages under both the FLSA and NYLL," "[w]e believe this decision is misguided" and "summary orders have no precedential effect, and accordingly the Court is not bound by this decision." In his memorandum of law, the plaintiff provides "[a] brief biography of each attorney who performed billed work in this matter," Michael Faillace ("Faillace") and Mulholland, contending that Faillace's "regular billing rate of $450 per hour is reflected in Exhibit M," attached to the plaintiff's memorandum of law.

3

## LEGAL STANDARD

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). It is "not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment." Fustok v. Conticommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989). Establishing the appropriate amount of damages involves two steps: (1) "determining the proper rule for calculating damages on . . . a claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." Credit Lyonnaise Sec. (USA), Inc., 183 F.3d at 155. When assessing damages, a court cannot "just accept [the plaintiff's] statement of the damages"; rather, damages must be established "with reasonable certainty." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

## APPLICATION OF LEGAL STANDARD

Although the plaintiff states in his declaration the time periods and hours he worked for the defendants and the payments he received from the defendants, he does not indicate any amount of damages he seeks or explain how any amount requested in the memorandum of law and proposed findings of facts and conclusions of law was calculated. Although the plaintiff filed what appears to be Exhibit L to his memorandum of law and he indicated in his filing with the Clerk of Court that Exhibit L contains "Damages Chart 8-23-2018 2 pages," no affidavit or other admissible evidence identifies that document or explains its content. Moreover, the purported and unexplained Exhibit L attached to the plaintiff's memorandum of law contains in

4

its heading the words "Subject to Revision/Correction." However, a memorandum of law is not evidence. See Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003). No admissible evidence, other than the plaintiff's declaration, was submitted in support of the plaintiff's request for damages, including attorneys' fees and costs, identifying and explaining the amounts requested in the plaintiff's memorandum of law and proposed findings of fact and conclusions of law. The plaintiff had clear and unambiguous notice directing him to submit "supporting affidavits and exhibits, setting forth proof of his damages." Docket Entry No. 45. The Court finds that the plaintiff failed to establish the amount of damages with reasonable certainty. Accordingly, no award of damages is warranted.

Additionally, Mulholland's argument, made in the Plaintiff's Proposed Findings of Fact and Conclusions of Law that he signed, on August 24, 2018, urging that the Court "should presume" that the plaintiff may recover "liquidated damages under the NYLL and FLSA simultaneously," was made more than four months after the Second Circuit Court of Appeals decided Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018), holding that NYLL and FLSA do not allow "duplicative liquidated damages for the same course of conduct." Mulholland argued in support of duplicative liquidated damages under NYLL and FLSA extensively, over five pages, discussing decisions in which courts "were divided as to whether a plaintiff may recover liquidated damages under both the FLSA and NYLL," as well as the New York legislative history, all of which was made obsolete by the Second Circuit's decision in Rana. Accordingly, Mulholland's conduct is subject to Rule 11 of the Federal Rules of Civil Procedure.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (1) no damages be awarded to the plaintiff; and (2) your Honor issue an order directing Mulholland to show cause why his conduct has not violated Rule 11(b) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable J. Paul G. Gardephe, 40 Centre Street, Room 2204, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Gardephe. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
March 4, 2019

Respectfully submitted,

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

6